UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DELFON BLAIR,<br>    Plaintiff, | Case No. 1:22-cv-5 |
| vs | Cole, J.<br>Bowman, M.J. |
| HAMILTON COUNTY DETENTION<br>CENTER JAIL FACILITY,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

    Plaintiff has filed a complaint against defendant Hamilton County Detention Center Jail Facility.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

---

[1] Review of the Hamilton County, Ohio online docket sheet indicates that on November 19, 2021, plaintiff was found incompetent to stand trial and was ordered to undergo treatment at Summit Behavioral Healthcare in the Hamilton County Municipal Court, Case No. 21 CRB 19983. It appears the case was dismissed on December 20, 2021, based on a finding that plaintiff was not competent to stand trial. Viewed at https://www.courtclerk.org/records-search/search-by-case-number/ under Case No C/21/CRB/19983. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that on November 8, 2021, he "was arrested, no[t ]identified out [of] a lineup, no id, no finger prints, not t[a]ken to arraignment, or the other court date, not t[a]ken to court or evaluated." (Doc. 1, Complaint at PageID 11). At the time of filing (*see supra* n.1) plaintiff indicates he was at Summit Behavioral Healthcare awaiting trial on January 18, 2022.

As relief, plaintiff seeks three million dollars "for inducing panic." (*Id.* at PageID 11). He also seeks relief in the form of being arraigned and to choose his own doctor. (*See id.*).

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted. First, the complaint should be dismissed against defendant the Hamilton County Detention Facility Jail Center, the sole defendant named in the complaint. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983.

3

*See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See, e.g.*, *Aladimi v. Hamilton Cnty. Justice Center*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (finding that the Hamilton County Justice Center was not a person subject to suit), *adopted,* 2020 WL 529585 (S.D. Ohio Feb. 17, 2012). Even if the Court were to liberally construe the complaint as against Hamilton County itself, plaintiff has also failed to allege that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, the complaint against the Hamilton County Detention Facility Jail Center should be dismissed.

Furthermore, to the extent that plaintiff seeks release from custody, the proper mechanism for petitioner to challenge his present physical custody is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). To the extent that he seeks to enforce his speedy trial rights, he may—after exhausting his available state remedies—file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). Accordingly, to the extent that plaintiff seeks relief in the form of his release from custody or to enforce his speedy trial rights, his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DELFON BLAIR,
    Plaintiff,

vs

HAMILTON COUNTY DETENTION
CENTER JAIL FACILITY,
    Defendant.

Case No. 1:22-cv-5

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).