## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DELFON BLAIR,**

      **Plaintiff,**

    **v.**

**HAMILTON COUNTY DETENTION
CENTER JAIL FACILITY,**

      **Defendant.**

**Case No. 1:22-cv-5
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman**

### ORDER

This cause comes before the Court on the Magistrate Judge's February 7, 2022, Report and Recommendation ("R&R," Doc. 4) recommending sua sponte dismissal of Plaintiff Delfon Blair's Complaint (Doc. 3) for failure to state a claim upon which relief can be granted. For the reasons discussed below, the Court **OVERRULES** Blair's Objections (Doc. 5) and **ADOPTS** the R&R (Doc. 4) in full. The Court thus **DISMISSES** Blair's Complaint (Doc. 3) **WITH PREJUDICE**. The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith and therefore **DENIES** Blair leave to appeal in forma pauperis.

On January 5, 2022, Blair, who appears to be receiving treatment at Summit Behavioral Healthcare in Cincinnati, filed a pro se motion seeking leave to proceed in forma pauperis with his proposed "Habeas Corpus Complaint Menmorandom [sic]" against the "Hamilton County Detention Center Jail Facility." (Doc. 1). On February 7, the Magistrate Judge granted Blair's request to proceed in forma pauperis and

ordered his Complaint filed. (Doc. 2). His Complaint was docketed that same day. (Doc. 3).

The Complaint claims that, on November 8, 2021, Blair "was arrested, no[t] identified out [of] a lineup, no id, no finger prints, not t[a]ken to arraignment, or the other court date, not t[a]ken to court or evaluated." (*Id.* at #15). He asks the Court to "force the process on this mandamus to be done correctly" and award him $3 million in relief "for inducing panic." (*Id.*).

The Magistrate Judge issued the R&R on the same day she ordered the Complaint filed. (Doc. 4). In that R&R, the Magistrate Judge addressed the requirement under the Prison Litigation Reform Act of 1995 to sua sponte screen the Complaint to determine whether any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (*Id.* at #17–18 (citing 28 U.S.C. § 1915(e)(2)(B)).

Based on her review of the Complaint, the Magistrate Judge recommends that this Court dismiss primarily because Blair failed to sue a suable entity. (Doc. 4, #19). Alternatively, the R&R notes, to the extent Blair is seeking release from custody or to enforce his speedy trial rights, the instant Complaint is not a proper vehicle. Rather, Blair must seek such relief through a petition for a writ of habeas corpus, filed after exhausting his state court remedies. (*Id.* at #20). In response, Blair objected. (Doc. 5). His objections largely recast his earlier arguments while adding

his belief that his allegations do not constitute a frivolous or malicious suit. (*See generally id*.).

The Court reviews an R&R de novo after a party timely objects. Fed. R. Civ. P. 72(b)(3). Such review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). Faced with a proper objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id*. (quoting Fed. R. Civ. P. 72(b)(3)).

By contrast, a purely general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Thus, a litigant must identify each objected issue in the R&R with sufficient clarity that the Court can identify it, or else that issue is deemed forfeited. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (clarifying that failure to object is forfeiture).

Blair's objections largely mirror the Complaint and thus likely constitute general objections. And, while the Court reviews pro se filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), that principle does not relieve Blair of his obligation to comply with the Court's procedural requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993). In any event, whatever the applicable standard of review, as the R&R correctly notes, Blair has not identified a suable entity.

Under 42 U.S.C. § 1983, Blair must show that a "person" either deprived him of—or caused someone else to deprive him of—his constitutional rights. 42 U.S.C.

3

§ 1983. And under § 1983, the Hamilton County Justice Center is not a suable "person." *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (holding that a Department of Corrections is not a "person" under § 1983); *see also Aladimi v. Hamilton Cnty. Just. Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (finding that the Hamilton County Justice Center was not a "person" that could be subject to a § 1983 suit), *report and recommendation adopted*, No. 1:09-cv-398, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012).

The R&R also recommends that the Court deny Blair's request for release from custody, or to enforce his speedy trial rights, to the extent he is seeking either remedy. (Doc. 4, #20). The Court agrees. The proper way for Blair to challenge his custody is through a writ of habeas corpus. To be sure, Blair uses the words "habeas corpus" in his Complaint. But a habeas petition requires more than mere incantation of those words; for example, Blair must identify his custodian as the respondent in the suit and show that he has exhausted his state law remedies. He has done neither here.

The Court **OVERRULES** Blair's Objections (Doc. 5) and **ADOPTS** the R&R (Doc. 4) in full. Accordingly, the Court **DISMISSES** Blair's Complaint (Doc. 3) **WITH PREJUDICE**. And the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Blair leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

November 18, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**